NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1391

HERMAN SINGLETON

VERSUS

HECTOR MARTINEZ

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-4462
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED AS AMENDED.

Steven Broussard
802 South Huntington
Sulphur, LA 70663
(337) 527-7006
Counsel for Plaintiff/Appellant:
Herman Singleton

**Laurie Nell Briggs**
**Adams and Reese**
**701 Poydras Street, Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**Counsel for Defendants/Appellees:**
**Hector Martinez**
**Varian Medical Systems**

**EZELL, JUDGE.**

The sole issue in this appeal concerns the amount of general damages awarded to Herman Singleton for injuries he suffered as a result of an automobile accident. He argues that the award of $20,000.00 was an abuse of the trial court's discretion and should be increased.

## FACTS

On September 7, 2004, Mr. Singleton was heading west on East Prien Lake Road in Lake Charles. At the same time, Hector Martinez was attempting to take a left turn from the Home Depot parking lot onto East Prien Lake Road. The two cars collided.

Mr. Singleton was transported by ambulance to Lake Charles Memorial Hospital. Mr. Singleton had no recollection of the accident. At the hospital, Mr. Singleton was diagnosed with retrograde amnesia with closed head injury. He complained of headache, back pain, and stomach pain. He had cuts on his scalp and ear that required suturing. A CT scan revealed a nondisplaced C6 pedicle fracture. Subsequently, his left leg began hurting but the pain resolved by the time he was discharged. A cervical collar was ordered for three to six weeks. A splint was placed on Mr. Singleton's left wrist due to complaints of tenderness. He was admitted to the hospital on September 7 and discharged on September 9.

On October 18, 2004, Mr. Singleton began treatment with Dr. Dale Bernauer, an orthopedic surgeon. At that time, Mr. Singleton was suffering with decreased sensation in his left arm, neck, and upper back. He also had constant, mild low back pain. Mr. Singleton indicated that he had severe neck pain between the shoulders, especially the left shoulder. His left knee was also painful. At the time, Mr. Singleton was also experiencing headaches, dizziness, blurred vision, and seeing

2

spots. He was having difficulty sleeping, fatigue, depression, and irritability. An MRI of the left knee revealed bone bruising.

Mr. Singleton continued seeing Dr. Bernauer with continuing neck and back pain. He also started going to Cox Chiropractic for treatment. In April 2005, MRIs of the thoracic and lumbar spine were taken. He had a paracentral disc protrusion at T7-8 which abutted the spinal cord causing a deformity. He also had a diffuse disc bulge to the right at L5-S1 causing neural canal narrowing.

On May 2, 2005, Dr. Bernauer referred Mr. Singleton to Recovery Chiropractic for spinal decompression for the disc bulge at L5-S1. The decompression therapy was helpful, but the pain increased once he finished therapy. By November 14, 2005, Mr. Singleton was doing better, so Dr. Bernauer released him from his care. At that time, Mr. Singleton moved to Florida near his fiance's family since they lost their home in Hurricane Rita. This is where they now live with their three young children.

Mr. Singleton saw Dr. Bernauer in April 2006. He was complaining of pain in his lower back and thoracic spine. At this visit, there was a new finding of pain down the left leg. An MRI indicated the disc bulge at L5-S1, with a new finding of a disc bulge at L4-5. The disc bulge at T7-8 was also present, but now there was also a mild disc bulge at T8-9. Dr. Bernauer explained that the abnormalities at L5-S1 and T7-8 were causing stress at the additional levels. Mr. Singleton continued to see Dr. Bernauer for several visits through April 2007, still complaining of neck and back pain with left leg problems.

During a period of seventeen visits, Gulf Coast Pain Management performed a series of twenty-five myoneural and epidural injections. Dr. John Boutte treated Mr. Singleton for chronic pain management. He diagnosed Mr. Singleton with a pain disorder with psychological factors. EMG and nerve conduction studies indicated the

3

L5-S1 radiculopathy on the right side, which was consistent with the disc protrusion in that area. A functional capacity evaluation was also performed. The evaluation indicated that there were no inconsistencies in his testing and that he could perform light-duty work.

Mr. Singleton last saw Dr. Bernauer on April 18, 2007. He was still experiencing neck and back pain in addition to problems with his left knee.

At the time of the accident, Mr. Singleton was working as a longshoreman for the Port of Lake Charles. He did not work again until they moved to Florida. He tried construction work and also tried working as a cook and oyster shucker. He is presently working at Gulf Coast Youth Service as a substance abuse technician and has been there for two years. Mr. Singleton testified that he was able to handle this work physically.

Mr. Singleton also explained that he continues to do yard work but that it now takes him longer. He is no longer able to ride horses or deep sea fish as he did before the accident.

A trial before a judge was held on June 10, 2008. The trial court found Mr. Singleton twenty percent at fault for the accident. It awarded damages for past wage loss in the amount of $21,916.00; future wage loss in the amount of $60,000.00; medical expenses in the amount of $71,142.96; past, present, and future physical and mental pain and suffering in the amount of $20,000.00. Mr. Singleton complains about the award of $20,000.00 for general damages on appeal.

## GENERAL DAMAGES

Mr. Singleton claims that the trial court's judgment is not supported by the record and amounts to an abuse of discretion. He points out that the medical evidence is undisputed as to the multitude of physical injuries he suffered in addition to

depression.

The supreme court recently revisited the standards for reviewing general damage awards in *Bellard v. American Cent. Ins. Co.*, 07-1335, pp. 29-30 (La. 4/18/08), 980 So.2d 654, 674; *Duncan v. Kansas City S. Ry. Co.*, 00-66, pp. 13-14 (La. 10/30/00), 773 So.2d 670, 682-83:

> General damages are those which may not be fixed with pecuniary exactitude; instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Keeth v. Dept. of Pub. Safety & Transp.*, 618 So.2d 1154, 1160 (La.App. 2 Cir.1993). Vast discretion is accorded the trier of fact in fixing general damage awards. La. Civ.Code art. 2324.1; *Hollenbeck v. Oceaneering Int., Inc.*, 96-0377, p. 13 (La.App. 1 Cir. 11/8/96); 685 So.2d 163, 172. This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Youn*, 623 So.2d at 1260. As we explained in *Youn*:
>
>> Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award.
>
> *Id.* at 1261.
>
> The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. *Cone v. National Emergency Serv. Inc.*, 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens*, 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its "much discretion" is a resort to prior awards appropriate

and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

Mr. Singleton was only twenty-two years old at the time of the accident. As a result of the accident, he suffered injury to different discs which continue to deteriorate with time. As a result of the spinal injury, Mr. Singleton received chiropractic care and multiple injections to help alleviate the pain. He suffered with post-concussion syndrome and still has no memory of the accident today. Mr. Singleton's head and ear had to be sutured. Due to his injuries, Mr. Singleton will never be able to perform heavy-duty work as he was doing at the time of the accident.

The Appellees claim that Mr. Singleton was involved in accidents prior to the September 7, 2004 accident at issue which contributed to his back problems. Just a few months prior to the present accident, Mr. Singleton was involved in another accident. He received chiropractic care and was released in August 2004. Mr. Singleton was also involved in an accident in 2003 and a slip and fall accident in Walmart in 2003 also. Although he had back pain from these accidents, there is no evidence to suggest that the injuries he now complains of were caused by any of the earlier accidents. Dr. Bernauer explained that the injuries from those accidents were more in the nature of a soft tissue injury. Dr. Bernauer also testified that he would not have been able to do the work of a longshoreman if he previously had the type of injuries he has today as a result of the present accident.

Reviewing the evidence, we find that the trial court abused its discretion in its award of general damages. Mr. Singleton was always forthcoming about his injuries. This was supported by objective evidence. These injuries will affect this young man for the rest of his life.

Mr. Singleton has also argued that there should have been separate awards for loss of enjoyment of life, permanent disability, and mental anguish and suffering, rather than a lump-sum award. We first observe that the award of $20,000.00 in the judgment was for both physical and mental pain and suffering. Also, this court has held that there is no requirement that general damages be broken down into specific items. *Lougon v. ERA Aviation, Inc.*, 609 So.2d 330 (La.App. 3 Cir. 1992); *also see Couvillion v. Shelter Mut. Ins. Co.*, 95-1186 (La.App. 1 Cir. 4/4/96), 672 So.2d 277. Therefore, we find that the trial court did not err in making one award for all of Mr. Singleton's general damages.

Mr Singleton argues that we should not be constrained by the lowest amount awarded in other cases. However, we are bound to follow the law as set forth by the supreme court which we previously cited. Having found that the trial court abused its discretion in the amount of general damages we have reviewed other recent cases with similar injuries.

In *Bellard*, 980 So.2d 654, the supreme court raised an award of general damages from $50,000.00 to $250,000.00. Mr. Bellard had a three-level fusion in the cervical spine, a one-level fusion in the lumbar spine, and bilateral carpal tunnel release surgeries. He also suffered with depression and was restricted in his abilities to perform basic tasks.

In *Jones v. Martinez*, 07-24 (La.App. 3 Cir. 10/24/07), 967 So.2d 1205, this court increased a general damages award from $70,000.00 to $125,000.00. The accident aggravated Ms. Jones' preexisting injury, hastening the degeneration of her back condition and requiring anterior lumbar interbody fusion surgery. She was also required to miss approximately eighteen months of work.

With these cases in mind, we find that $100,000.00 is the lowest amount of general damages that the trial court could award to Mr. Singleton. While Mr. Singleton is not a surgical candidate and there was no evidence as to the need for future surgery, we find that Mr. Singleton has suffered with a multitude of problems that have affected him at such a young age. He continues to suffer with neck and back pain on a daily basis, and his everyday life has been affected by this accident.

For these reasons the trial court's judgment is amended to increase the award of general damages to $100,000.00. In all other respects the trial court judgment is affirmed. Costs of this appeal are assessed to Hector Martinez and Varian Medical Systems.

**AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.